[black rectangle]

DANIEL P. DELONG, as Trustee of the Estate of OAKLEY S. RYTHER, Bankrupt, Plaintiff, v. BENJAMIN H. DENTON, Defendant.

DANIEL P. DELONG, as Trustee of the Estate of OAKLEY S. RYTHER, Bankrupt, Plaintiff, v. JOEL ALDRICH, Defendant.

Supreme Court, Warren County, July 29, 1931.

[black rectangles]

*James McPhillips* [*C. E. Fitzgerald* of counsel], for the plaintiff.

*S. M. Richards* [*William E. Bennett* of counsel], for the defendants.

HEFFERNAN, J. These actions arise out of similar transactions, were tried together, and will be disposed of simultaneously. They are brought by plaintiff as trustee in bankruptcy of one Ryther to recover preferential transfers under section 60 of the National Bankruptcy Act (30 U. S. Stat. at Large, 562, chap. 541, § 60, as amd.; U. S. Code, tit. 11, § 96). This section, so far as material, provides in subdivision a: " A person shall be deemed to have given a preference if, being insolvent, he has, within four months before

the filing of the petition, * * * made a transfer of any of his property, and the effect of the enforcement of such * * * transfer will be to enable one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." Subdivision b. of the same section provides that if such transfer operates as a preference " and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such * * * transfer would effect a preference, it shall be voidable by the trustee."

The defendants at the time involved in this controversy were respectively trustee and treasurer of school district No. 4 of the towns of Day and Hadley. Some time in the summer of 1929 this district entered into a contract with Ryther for the construction of a new schoolhouse at Conklingville, N. Y. At the time he made his contract it clearly appears that Ryther was insolvent. On September 7, 1929, the Glens Falls Brick and Lumber Corporation obtained a judgment against him for $1,725.24. Execution was issued on this judgment and returned unsatisfied. He was examined before a referee in supplementary proceedings on October 10, 1929. In the course of the examination he testified that he had completed the construction of the schoolhouse and had been fully paid. On the following day he went to Conklingville and received from defendant Aldrich a check for $250 drawn on Aldrich's personal account. On the same day he also received from Aldrich a check drawn on the school district's bank account for $913.71. The latter check was indorsed by Ryther and given to the defendant Denton who cashed it and out of the proceeds paid to one Cline, a creditor of Ryther's, $100 and a like sum to one McNaughton, another creditor. The remainder of the proceeds went into Denton's personal account. The previous September Denton had given Ryther his personal check for $252.58. Denton had also previously indorsed Ryther's note for $455, which note the former subsequently paid upon maturity. On October 18, 1929, Aldrich drew a check on the school funds payable to himself in the sum of $250 to reimburse himself for the moneys which he advanced to Ryther on October 11, 1929. It is plaintiff's claim that the transfer to Denton of $913.71 on October 11, 1929, and the one to Aldrich of $250 on October 18, 1929, constitute preferential transfers in violation of the provisions of the National Bankruptcy Act and are recoverable here.

To bring himself within the provisions of section 60 of the Bankruptcy Act plaintiff is required to establish by a preponderance of the evidence the insolvency of Ryther, a transfer made within

four months of bankruptcy, receipt of a greater percentage of their debts by defendants than other creditors of the same class, and finally that there was an unlawful preference and that defendants knew that they were being preferred. (*Page* v. *Watertown Consumers Brewing Co.*, 218 App. Div. 243.)

There can be no serious dispute about the fact that Ryther was hopelessly insolvent in October, 1929. He was adjudicated a bankrupt on November 7, 1929, and on January 6, 1930, plaintiff was duly appointed trustee in the bankruptcy proceedings. Both transfers were within the four months' limitation. The proof also shows that defendants received a greater percentage of their respective debts than other creditors of the same class. The only question about which there can be any dispute is whether or not defendants had reasonable cause to believe that they were receiving a preference. The evidence convinces me that both defendants had reasonable cause to believe that the transfers in question would result in a preference to them. Unquestionably they knew they were being preferred. On October 11, 1929, plaintiff's attorney transmitted to defendant Aldrich a letter advising him that Ryther was being examined in supplementary proceedings and that the court had restrained him from transferring or interfering with his property. It is true that Aldrich denied receipt of this communication. He admitted, however, to Mr. Bascom, in a conversation with the latter, that he had received this letter and thereafter attempted to stop payment on the $250 check which he gave to Ryther on October eleventh. With this letter before him Aldrich on October eighteenth withdrew from the school funds $250 to reimburse himself for the advancement which he made to Ryther. It is significant that Aldrich, although sworn on his own behalf, failed to contradict the testimony of Bascom as to the receipt of this letter.

As to the defendant Denton there can be no doubt that he also had notice. He is Ryther's brother-in-law. It is rather curious that both defendants pretend that they made these advances to Ryther to enable him to perform his contract with the school district. Ryther needed no money for that purpose. The district paid his employees directly. It also furnished all material. Its contract required it to do those things. If it was necessary to borrow money to finance the project, certainly defendants were not called upon to make the advances. Surely the school district could have arranged for temporary loans. Denton knew that Ryther's creditors were pressing him for payment of their obligations. In fact he agreed to be responsible for several claims himself. Out of the $913.71 which Denton received, as has

already been shown, he paid certain of Ryther's creditors. He also paid to the Northville Bank on November 4, 1929, $455 in payment of Ryther's note, upon which he was an indorser. On October 14, 1929, he was informed by Mr. Bascom of Ryther's financial situation. Denton, at this time, had $455 of Ryther's school moneys in his own personal account and subsequently used it to pay the note referred to. He made no denial of Bascom's testimony in this connection. It is idle to suggest that these defendants were acting innocently. They knew what was transpiring. The proof shows that they acted in concert with Ryther in pursuance of a common plan to obtain an unlawful preference.

Plaintiff is, therefore, entitled to judgment against Aldrich in the sum of $250, and to a judgment against Denton in the sum of $913.71, with costs and disbursements against both defendants.